**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARDITH CAVALLO; LAWRENCE
CAVALLO,
<u>Plaintiffs-Appellants,</u>

v.

No. 97-1707

STAR ENTERPRISE; TEXACO
REFINING AND MARKETING (EAST),
INCORPORATED; SAUDI REFINING, INC.,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-94-1499-A)

Argued: March 4, 1998

Decided: July 7, 1998

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Allen Huberth Sachsel, Fairfax, Virginia, for Appellants.
Richard Edward Wallace, Jr., HOWREY & SIMON, Washington,
D.C., for Appellees. **ON BRIEF:** Anthony F. King, Nancy C. Libin,
HOWREY & SIMON, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The appellants, Ardith and Lawrence Cavallo (the"Cavallos"), plaintiffs below, appeal the district court's entry of summary judgment in the appellees' favor on two related grounds. The Cavallos argue that the district court abused its discretion by permitting the Cavallos' retained counsel to withdraw one month before the pretrial conference. The Cavallos further maintain that the district court violated their due process right to retain counsel by ordering that the pretrial conference would take place as scheduled despite counsel's withdrawal. We conclude that the district court did not abuse its discretion in granting counsel leave to withdraw. Furthermore, we find no impermissible infringement upon the Cavallos' due process rights. Accordingly, we affirm.

I

In November 1994, Ardith and Lawrence Cavallo filed suit against Star Enterprise, Texaco Refining and Marketing (East), Inc., and Saudi Refining, Inc. (collectively, "Star") in the United States District Court for the Eastern District of Virginia. In a four-count complaint, the Cavallos sought compensatory and punitive damages for injuries to person and property allegedly caused by vapors from an underground plume of petroleum products.

The Cavallos retained Mark Hayes, Esq., as counsel. In accordance with the retainer agreement, which authorized Hayes to associate other counsel, Hayes engaged the services of Donnell R. Fullerton, Esq., and John E. Drury, Esq. (referred to collectively as "Hayes"), who entered appearances for the Cavallos.

On January 20, 1995, the district court dismissed three of the Cavallos' four claims against Star pursuant to Fed. R. Civ. P. 12(b)(6).

2

After extensive discovery by both parties, the district court entered summary judgment in favor of Star on the sole remaining count. The Cavallos appealed.

Hayes designated Drury to present oral argument on the Cavallos' behalf before this court. The Cavallos, however, strongly opposed the designation of Drury and engaged substitute counsel to present oral argument. Upon Hayes' unopposed motion, a panel of the court granted Hayes leave to withdraw as appellate counsel on March 18, 1996.

The Cavallos prevailed in part on their appeal, and the case was remanded to the district court for further proceedings. Cavallo v. Star Enter., 100 F.3d 1150 (4th Cir. 1996) (reversing dismissal of Counts II, III, and IV, and affirming summary judgment on Count I). On January 6, 1997, the district court scheduled a pretrial conference on the remanded claims for February 20, 1997. The scheduling order instructed counsel to bring to the conference lists of witnesses and exhibits to be introduced at trial, and cautioned that failure to comply would result in the exclusion of evidence from trial, except for purposes of impeachment or rebuttal.

On January 10, 1997, Hayes sought leave to withdraw as counsel in the district court. In a sworn affidavit, Hayes asserted that continued representation of the Cavallos had been rendered unreasonably difficult by irreconcilable differences over the proper conduct of the case. Hayes claimed that the Cavallos had rejected his legal advice on numerous occasions, that they commonly threatened Hayes with malpractice suits, and that their communications had been "abusive, acrimonious, or insulting to counsel and their staff." Although Hayes did not furnish details of the disagreements, he offered to provide additional testimony in camera if the district court deemed it necessary. Hayes assured the district court that withdrawal would not prejudice the Cavallos, explaining that the Cavallos had retained two lawyers* who were well acquainted with the case and with whom Hayes had spoken several times.

---

*Hayes was referring to Allen Sachsel, whom the Cavallos had retained as appellate counsel, and William A. Beeton, Jr., who opposed the withdrawal motion on the Cavallos' behalf.

Star did not oppose or endorse the motion, but simply indicated resistance to any development that would cause further delay. Noting that the Cavallos had participated in no fewer than six lawsuits, Star asserted the Cavallos were "experienced litigators" and urged the court to proceed on schedule even if Hayes were permitted to withdraw.

Vehemently denying that irreconcilable differences existed, the Cavallos opposed Hayes' motion to withdraw. The Cavallos argued that the retainer agreement obligated Hayes to continue representation of the Cavallos through the culmination of trial, and claimed that withdrawal would be highly prejudicial in light of the imminent pretrial conference.

On January 17, 1997, without a hearing, the district court granted the motion to withdraw, and instructed Hayes to advise the Cavallos that the case would go forward at the pretrial conference on February 20 "with or without counsel." That evening, Hayes delivered to the Cavallos 22 storage boxes containing documents relevant to their case.

On January 21, Star moved the court to limit the Cavallos' time to respond to certain discovery requests to 20 days. Although the motion was served upon the Cavallos at their residence, the Cavallos failed to respond or to appear at the hearing on the motion. The magistrate judge granted Star's motion on January 28, 1997, giving the Cavallos until February 5, 1997, to respond.

When the Cavallos failed to respond to Star's discovery requests within the allotted time, Star filed a motion for discovery sanctions pursuant to Fed. R. Civ. P. 37. Again, the Cavallos failed to respond or to appear at the hearing on Star's motion. Although Star's request to dismiss the case was denied, the magistrate judge entered an order precluding the Cavallos from introducing at trial any evidence responsive to Star's discovery requests on February 21, 1997. The Cavallos filed a one-sentence objection to the order on March 10.

On February 11, the Cavallos wrote to the district court with a request to extend the scheduling order to permit the Cavallos time to retain new counsel. The district court granted the Cavallos' request

4

for an extension of time and rescheduled the pretrial conference for March 20, 1997.

On March 19, the Cavallos again wrote to the district court, explaining that they had been unable to secure counsel to replace Hayes and were uncertain how to proceed. The Cavallos did not appear for the March 20 pretrial conference.

On March 20, the district court informed the Cavallos that their letter had been received that morning, but the pretrial conference had proceeded as scheduled and that trial would commence on May 6. As a consequence of their failure to appear and to file the requisite lists of exhibits and witnesses, the Cavallos were advised that they would be unable, at trial, to present any evidence other than their own testimony.

Star subsequently moved for summary judgment. In response, the Cavallos again complained that they had been unsuccessful in obtaining replacement counsel and objected that they were not being given a fair opportunity to press their case, but did not respond to Star's arguments on the merits. The district court granted Star's motion for summary judgment on April 18, 1997, and the Cavallos noted a timely appeal.

II

The Cavallos have argued that the district court abused its discretion in permitting trial counsel to withdraw. They maintain that the grounds asserted by Hayes in support of the motion to withdraw were unfounded, and that counsel's withdrawal severely prejudiced the Cavallos' ability to pursue their claims against Star.

We are persuaded, however, that the district court acted within its discretion in permitting Hayes to withdraw, for it is apparent from the record that the mutual trust and confidence required to sustain the attorney-client relationship had deteriorated beyond repair. The Cavallos' disagreement with Hayes over the designation of counsel for oral argument in this court, culminating in the Cavallos' termination of Hayes as appellate counsel, evidences an acute lack of faith in

5

Hayes' advice. That fact alone belies the Cavallos' claim that the irreconcilable differences alleged by Hayes referred to nothing more than a minor disagreement. Moreover, the district court was entitled to rely on Hayes' assertions that the Cavallos had disregarded his legal advice on numerous other occasions, and that the Cavallos' communications with Hayes and his staff had become both acrimonious and abusive. See Stafford v. Mesnik, 63 F.3d 1445, 1449 (7th Cir. 1995) (holding that "the court did not abuse its discretion in relying on the statement of an officer of the court."). Similarly, we find no abuse of discretion in the district court's reliance on Hayes' statements that the Cavallos had retained two attorneys, Sachsel and Beeton, who were familiar with the instant litigation and could continue to represent the Cavallos' interests, notwithstanding the fact that both attorneys ultimately refused to accept the role of trial counsel.

The Cavallos have also claimed that their right to due process was violated by the district court's order commanding Hayes to advise the Cavallos that the pretrial conference would go forward on schedule "with or without counsel." Although the right to counsel in the civil context is not coextensive with that of a criminal defendant, a civil litigant does have a constitutional right to retain counsel. See Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 257 (1st Cir. 1986); Potashnik v. Port City Constr. Co., 609 F.2d 1101, 1117 (5th Cir. 1980) (holding that "the right to retain counsel in civil litigation is implicit in the concept of fifth amendment due process."). In determining whether the right has been violated, our inquiry focuses on whether the litigant has been deprived of a reasonable opportunity to retain counsel. See Gray, 792 F.2d at 257.

The district court's order allowed the Cavallos slightly more than one month to obtain substitute counsel. We recognize that one month is not a substantial amount of time, particularly where, as here, the case is complex and trial imminent. Nevertheless, we cannot say on the facts of this case that the district court's actions deprived the Cavallos of the opportunity to retain counsel. The district court subsequently granted the sole extension of time requested by the Cavallos. Although the Cavallos have repeatedly complained, in the district court and on appeal, that it would have been impossible to retain counsel in the time allotted, the record does not contain persuasive evidence of unsuccessful efforts to hire substitute counsel. Moreover,

6

counsel, preparing to represent the Cavallos, could have appeared and advanced salient reasons for postponement of the commencement of trial. Also relevant is Star's interest in bringing the instant litigation to a conclusion after more than two years of pretrial proceedings. Finally, the Cavallos' asserted difficulty in retaining substitute trial counsel cannot excuse their complete failure even to attempt to fulfill their obligations in the ongoing litigation.

Therefore, we hold that the district court did not commit reversible error by permitting Hayes to withdraw or by ordering that the pretrial conference would take place as scheduled. Accordingly, the judgment of the district court is hereby

AFFIRMED.

7